IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROOSEVELT CAYMAN ASSET COMPANY II**<br><br>Plaintiff,<br><br>vs.<br><br>**NYDIA IVELISSE COLON FERNANDEZ**<br><br>Defendant | Civil No.: 16-CV-01455<br><br>Re: **Collection of Money,<br>Foreclosure of Mortgage** |

## STIPULATION AGREEMENT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, through the undersigned legal counsel, and Defendant, pro se, and respectfully alleges, states and prays:

1.  On August $31^{th}$, 2012, for value received, defendant **NYDIA IVELISSE COLON FERNANDEZ** subscribed a mortgage note payable to Doral Bank, or to its order, for the principal amount of **$95,900.00**, with interest at rate of **2.99%** per annum, due on September 1st, 2052, ("the Note")

1.  *El 31 de agosto de 2012, por el valor recibido, el demandado **NYDIA IVELISSE COLON FERNANDEZ** suscribió un pagaré hipotecario a nombre de Doral Bank, o a su orden, por la cantidad principal de **$95,900.00**, con intereses a la tasa del 2.99% anual, debido en el primer día del mes de septiembre de 2052, ("el Pagaré").*

2.  For the purpose of securing the payment of the principal amount of the note, plus three additional amounts to cover interests in addition to those secured by law, advances under the contract and attorney fees and costs in case of judicial collection, defendant executed a mortgage ("the Mortgage") upon the following property described in the Spanish language as follows:

2.  *A los efectos de asegurar el pago de la cantidad principal del Pagaré, más tres montos adicionales para cubrir los intereses garantizados por ley, los anticipos correspondientes a los contratos, además de honorarios y costos legales en caso de cobro judicial, los Demandados ejecutaron una hipoteca ("la Hipoteca") sobre la propiedad siguiente se describe en el idioma español de la siguiente manera:*

> "URBANA: Solar de forma rectangular marcado con el número I-43 en el plano de inscripción de la Urbanización Brisas de Costa Real, Fase II, localizada en el barrio Algarrobo del Municipio de Guayama, Puerto Rico, con una cabida superficial de 300.040 metros cuadrados. Con lindes por el NORTE, en una distancia de 13.0 metros, con el lote número I-35 del plano de inscripción de la urbanización; por el SUR, en una distancia de 13.0 metros, con la calle número 9 del plano de inscripción de la urbanización; por el ESTE, en una distancia de 23.080 metros, con el lote

*N.I.C.F.*

Stipulation Agreement

> I-42 del plano de inscripción de la urbanización; y por el OESTE, en una distancia de 23.080 metros, con el lote número I-44 del plano de inscripción de la urbanización. Esta propiedad enclava una unidad de vivienda unifamiliar."
>
> Property is pending recordation at entry 229 of book of daily entries 651 of the Registry. Segregated from property 5059 recorded at page 234 of volume 180 of the Registry.

3. The Mortgage described above was constituted by deed number 645, executed on August 31th, 2012 before Notary Public Fabiola Antosegui Blanc in San Juan, Puerto Rico, pending recordation at entry 230 of book of daily entries 651 of Guayama, Registry of the Property of Puerto Rico, Section of Guayama.

3. *La Hipoteca descrita anteriormente fue constituida por escritura pública número 645, suscrita el 31 de agosto de 2012, ante Notario Público Fabiola Antosegui Blanc en San Juan, Puerto Rico, pendiente de inscripción al 230 del libro de entradas diario 651 de Guayama, Registro de la Propiedad de Puerto Rico, Sección de Guayama.*

4. Defendant is the owner in fee simple of the property described in paragraph 7 of this Complaint according pending recordation at entry 229 of book of daily entries 651 of the Registry. Segregated from property 5059 recorded at page 234 of volume 180 of the Registry and to Plaintiff's best knowledge and belief.

*N.I.C.F.*

4. *La Demandada es la dueña en pleno dominio de la finca descrita en el párrafo 7 Pendiente de inscripción a la entrada 229, del diario 651, del Registro, segregada de la finca 5059, inscrita al 234 del volumen 180 del Registro y para el mejor conocimiento y creencia de la parte Demandante.*

5. Upon Defendants default with the repayment terms of the Note, Plaintiff filed the current action of Collection of Money and Foreclosure of Mortgage on March 14th, 2016, to collect the amounts due of **$91,995.59** for principal balance with interests of **2.99%** from the **1st day of September, 2015** until full payment, plus mortgage and risk insurance premiums, late fees and any other amounts agreed in the mortgage deed, from the date stated above until full payment thereof, plus 10% for attorney's fees and costs, equivalent to **$9,590.00.**

5. *Ante el incumplimiento de la parte Demandada con de los términos de repago del Pagaré, la parte Demandante instó la presente acción de cobro de dinero y ejecución de hipoteca el 7 de enero de 2016, para cobrar la cantidad adeudada de **$91,995.59** de principal, con intereses del **2.99%** desde el primero **1ro de septiembre de 2015** hasta el pago completo, más las primas de seguro hipotecario y riesgo, recargos por demora y cualesquiera otras cantidades pactadas en la escritura de primera hipoteca, desde la fecha antes mencionada y hasta la fecha del total pago de las mismas, más la cuantía adeudada por concepto de*

2

Stipulation Agreement

*mensualidades atrasadas y otro cargos, más 10% de los honorarios y costos de abogados, equivalente a **$9,590.00**.*

6. Defendant acknowledges that she owes **ROOSEVELT CAYMAN ASSET COMPANY II** the amount described in the preceding paragraph. Defendant acknowledges and ratifies the validity of all the documents executed as evidence of the debt, and that of those documents that guarantee the same, which are incorporated herein by reference.

6. *El Demandado reconoce que debe a **ROOSEVELT CAYMAN ASSET COMPANY II** la cantidad descrita en el párrafo anterior. La Demandada reconoce y ratifica la validez de todos los documentos ejecutados como evidencia de la deuda, y la de aquellos documentos que garanticen la misma, que se incorporan aquí como referencia.*

7. In order to pay the defaulted payments on the account with **ROOSEVELT CAYMAN ASSET COMPANY II**, Defendant and Plaintiff agreed the following payment plan:

7. *Con el fin de pagar los pagos en mora de la cuenta con **ROOSEVELT CAYMAN ASSET COMPANY II**, la Demandada y el Demandante acordaron el siguiente plan de pago:*

N.I.C!F.

a. Defendant owes the amount of **$4,725.67** in defaulted payments, late charges and other charges including the amount of **$1,679.80** in legal fees and costs incurred.

a. *La demandada reconoce que debe la cantidad de **$4,725.67** por pagos en atrasos, cargos por mora y otros cargos que incluyen la cantidad de **$1,679.80** en gastos legales y costos incurridos.*

b. Defendant will make ONE (1) down payment of **$760.00** due on **April 30, 2016**.

b. *La demandada realizará un (1) pago inicial de **$760.00** vencedero el 30 de abril de 2016.*

c. Defendant will pay SIX (6) consecutive monthly instalments in the amount of **$390.00** each. Said payments are to be received on or before the 1st day of each month commencing on June 1st, 2016 and continuing through and including November 1st, 2016.

c. *La demandada realizará seis (6) pagos mensuales consecutivos por la cantidad de **$390** cada uno. Dichos pagos deben ser recibidos en o antes del día 1ro de cada mes, comenzando el 1ero de junio de 2016 y continuando hasta e incluyendo el 1ro de noviembre de 2016.*

8. After making the SIX (6) payments stated above, Plaintiff will reinstate the loan subject to foreclosure.

8. *Luego de realizados los seis (6) pagos indicados anteriormente, la parte Demandante reinstalará el préstamo.*

9. Every one of the above mentioned payments must be made in cash, a Manager's Check from a banking institution authorized to do business in Puerto Rico, or money orders, and shall be payable to "RUSHMORE LOAN MANAGEMENT SERVICES LLC, the following department and address: Home Retention Department, 221 Ponce de Leon Avenue, Puerto Rico, PR 00917."

3

Stipulation Agreement

*9.   Cada uno de los mencionados pagos deben hacerse en efectivo, cheque de gerente de un banco autorización a hacer negocios en Puerto Rico, o giro postal pagaderos a "RUSHMORE LOAN MANAGEMENT SERVICES LLC" para el siguiente departamento "Home Retention Department, 221 Ponce de León Avenue, Puerto Rico, PR 00917."*

10.   If, during the term of the payment plan, the Plaintiff (or its successors) must pay any amount to a third person in order to protect its interest on property object of this foreclosure action, Plaintiff will send a letter requesting reimbursement of said amount which shall be paid by the Defendant within 10 days of the notice.

*10.   Si, mientras la vigencia del plan de pago, la parte demandante (o sus sucesores) debe pagar cualquier cantidad a un tercero con el fin de proteger sus intereses en la propiedad objeto de la presente acción de ejecución hipotecaria, la parte demandante enviará una carta solicitando el reembolso de dicha cantidad que será pagada por el demandado dentro de los 10 días siguientes a la notificación.*

11.   Upon Defendant's failure to comply with the terms of the aforementioned payment plan and/or the requirement of paragraph 11 above, the Plaintiff may proceed to the execution of the judgment without further notice to defendant, reducing the judgment amount by the amounts paid by that defendant under the above stated plan.

*11.   La parte demandante podrá, de incumplir la parte Demandada con el plan de pagos antes mencionado, o lo requerido en el párrafo número 11, la parte demandante procederá a la ejecución de la sentencia, sin previo aviso a la parte demandada, reduciendo de la misma aquellas cantidades pagadas por dicha parte Demandada a tenor con lo aquí acordado.*

12.   The defendant acknowledges that this provision shall not constitute novation and the defendant remains bound by all terms and conditions of the loan **number 8000031954.**

*12.   La parte Demandada reconoce que esta disposición no constituirá novación y reconoce que permanece obligado los términos y condiciones del préstamo **número 8000031954**.*

13.   The parties herein appearing sign this stipulation agreement free and voluntarily for all legal purposes.

*13.   Las partes que comparecen a firmar este Acuerdo de Estipulación lo hacen libre y voluntariamente para todos los efectos legales.*

14.   By signing this document the Defendant expressly acknowledges that she is freely and voluntarily submitting to the jurisdiction of this Honorable Court.

*N.I.C.F.*

4

Stipulation Agreement

*14. Al firmar este documento la parte Demandada reconoce expresamente que se está sometiendo libre y voluntariamente a la jurisdicción de este Honorable Tribunal.*

15. It is hereby requested to this Honorable Court to order the Clerk of the Court to notify the judgment, and any other notification, to the Defendant at the mailing addresses stated below.

*15. Por la presente se solicita a este Honorable Tribunal que ordene a Secretaría que notifique la sentencia, y cualquier otra notificación, al demandado en las dirección postal indicada abajo.*

16. With the purpose of guaranteeing the full compliance, Defendant expresses consent for the Court to enter judgment pursuant to the allegations of the complaint and terms and conditions of this agreement, which will be firm and final from the moment it is entered.



*16. Con el fin de garantizar el pleno cumplimiento, la parte Demandada expresa su consentimiento para que el Tribunal emita sentencia conforme a las alegaciones de la demanda y los términos y condiciones de este acuerdo, que será firme y definitivo desde el momento de su otorgamiento.*

17. To that effect, Defendant expressly submits to the jurisdiction of the Court and authorizes that it enters judgment for a sum no greater than the one acknowledged herein and order the judicial sale of the mortgaged property in the event that the Defendant fail to comply with the terms of this agreement. The Court will maintain ancillary jurisdiction to enforce this agreement.

*17. A tal efecto, la parte Demandante se somete expresamente a la jurisdicción del Tribunal y autoriza que se dicte sentencia por una suma no mayor que aquella reconocida en el presente documento y a ordenar la venta judicial de la propiedad hipotecada en caso de que la parte Demandada no cumpla con los términos de este acuerdo. El Tribunal mantendrá jurisdicción para hacer cumplir este acuerdo.*

**FOR ALL THESE REASONS,** I respectfully requested the Honorable Court examined the facts stated in this Stipulation and examined the documents in the delivered judgment in this action pursuant to the appeal of the complaint and herein shall.

***POR TODO LO CUAL**, muy respetuosamente se solicita del Honorable Tribunal, examinados los hechos expresados en la presente Estipulación y examinados los autos del dicte sentencia en la presente acción a tenor con la súplica de la demanda y lo aquí estipulado.*

**WHEREFORE,** we swear and sign this agreement in San Juan Puerto Rico on 22 day of April, 2016.

***POR QUE**, juramos y firmamos el contrato en San Juan, Puerto Rico en 22 de abril de 2016.*

5

Stipulation Agreement

_____
NYDIA IVELISSE COLON FERNANDEZ

Mailing and Property address defendant:
Brisas de Costa Real
1-43 9
Guayama, PR 00784

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 22 day of april, 2016.

### CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to the parties of record, and to the Defendant at Urb. Brisas de Costa Real, 1-43 9, Guayama, PR 00784

**PAVÍA BERMÚDEZ DIAZ & SANCHEZ LLP**
*Attorneys for Plaintiff*
Ochoa Building, Suite 200
500 De La Tanca St.
San Juan, Puerto Rico  00901
(787) 523-2670 / Fax (787) 523-2664

s/ REGGIE DÍAZ-HERNÁNDEZ
**REGGIE DÍAZ-HERNÁNDEZ**
USDC PR No. 224908
E-mail: rdiaz@pbdlawpr.com

S/ JOSÉ J. SÁNCHEZ-VÉLEZ
**JOSÉ J. SÁNCHEZ-VÉLEZ**
USDC PR No. 214606
E-mail: jsanchez@pbdlawpr.com

6